**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| JASON E. STEVENS, | No. 58194-9-II |
| Appellant, | |
| v. | |
| STATE HEALTH MEDICAL ASSISTANT PROGRAM, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. – Jason Stevens appeals the order entered in the Adjudicative Services Unit of the Department of Health (DOH), which suspended indefinitely Stevens's credential to practice as a medical assistant.

Stevens is a nurse. At relevant times he held both an active registered nurse (RN) license and a medical assistant-phlebotomist (MAP) certification. Stevens previously had been certified as a health care assistant (HCA). On July 1, 2013, DOH automatically issued the new MAP certification to Stevens and over 20,000 active HCA certification holders pursuant to a statute that phased out HCA certifications and phased in new medical assistant certifications. Stevens's MAP certification was renewed twice before it expired in May 2018.

From October 2013 through October 2014, Stevens worked as an RN at the Bureau of Prisons Federal Detention Center (Detention Center) in SeaTac. In 2014, the Drug Enforcement Administration and the Office of the Inspector General investigated oxycodone pills that had gone missing at the Detention Center. The investigation revealed that Stevens had diverted over 50 oxycodone pills from patients for his personal use.

The Medical Assistant Program (Program) had disciplinary authority over Stevens's MAP credential. The Program filed a statement of charges against Stevens, alleging that his actions at the Detention Center constituted unprofessional conduct under the Uniform Disciplinary Act (UDA), chapter 18.130 RCW. The health law judge (HLJ) presiding over the matter concluded that Stevens had committed unprofessional conduct in violation of the UDA, and indefinitely suspended his MAP certification. A review officer affirmed the HLJ's order.

Stevens argues that DOH erred in suspending his MAP certification because the certification was invalid and therefore DOH had no authority to suspend it. He claims the certification was invalid because (1) DOH's automatic grant of the MAP certification violated the enabling statute, (2) he did not properly renew the MAP certification because his wife paid the renewal fee online via credit card and not in person or through the mail, and (3) DOH should have invalidated the certification when his wife requested a refund of the MAP certification payment.

We hold that DOH had authority to take disciplinary action because (1) DOH lawfully issued Stevens a MAP certification on July 1, 2013 pursuant to an unchallenged administrative rule, (2) there is no authority for the argument that payment of the renewal fee for the MAP certification by credit card invalidates that certification, and (3) there is no authority for the argument that a refund request for the MAP certification renewal fee invalidates that certification. Accordingly, we affirm the order suspending indefinitely Stevens's medical assistant license.

FACTS

*Background*

Stevens is a nurse. At various times, Stevens has held several different types of health care credentials. In October 2011, Stevens received his HCA certification. This certification was active as of July 1, 2013. In July 2012, Stevens received his RN license.

In 2012, the legislature enacted RCW 18.360.080, which stated that DOH could not issue new HCAs after July 1, 2013. Instead, DOH was required to issue medical assistant certifications to HCAs in good standing as of July 1, 2013. RCW 18.360.080. The legislature also authorized the Secretary of Health to adopt rules necessary to implement the act. RCW 18.360.070(1)(a). DOH adopted a rule stating that it would issue a medical assistant credential to any person that had an active HCA credential as of June 30, 2013.

DOH issued Stevens a MAP certification on July 1, 2013. The MAP certification automatically superseded his HCA certification. DOH also issued medical assistant certifications to over 20,000 other HCAs on July 1, 2013.

Stevens's MAP credential was due to expire on May 28, 2014. However, DOH received a renewal fee for his credential on May 19, 2014 and renewed it. Stevens's wife paid the certification fee online with a credit card. Stevens claims that he did not know about the renewal payment at the time.

Stevens's MAP credential was due to expire again on May 28, 2016. DOH received the renewal fee on May 28 and again renewed his credential. After that renewal, the credential was set to expire on May 28, 2018.

On February 21, 2017, Stevens's wife submitted a refund request for her May 2014 payment of the MAP certification fee. There is no indication in the record that DOH provided a refund.

*Investigation at Detention Center*

In October 2013, Stevens started work as a RN at the Detention Center. In 2014, the Office of Inspector and General and the Drug Enforcement Administration opened an investigation into missing oxycodone tablets at the Detention Center. The investigation revealed that Stevens had diverted several oxycodone tablets from four different patients. Stevens also had come to work while impaired on drugs in April 2014, collapsed at work, and was taken to the hospital.

In April 2016, Stevens resigned from his position at the Detention Center.

*Disciplinary Proceedings*

On February 3, 2017, the Program filed administrative charges against Stevens in the Adjudicative Service Unit of DOH. The charges were based on Stevens's alleged diversion of oxycodone pills from the Detention Center. The Program alleged that Stevens's acts constituted unprofessional conduct under the UDA, RCW 18.130.180(1).

Stevens moved to dismiss the charges and for a writ of mandamus directing the Program to refund his MAP certification fee. He argued that the certification was invalid on various grounds. In July 2017, the HLJ presiding over the case denied Stevens's motion to dismiss and motion for a writ of mandamus.

In July 2018, the Board charged Stevens with unprofessional conduct. The Board's statement of charges also was based on Stevens's alleged removal of oxycodone pills from the Detention Center while he had worked there as an RN. In light of the Board's charges, the HLJ

4

granted the Program's motion to stay the proceedings pending the outcome of the Board's investigation.

In December 2019 the Board issued findings of fact, conclusions of law, and a final order. The Board concluded that DOH proved by a preponderance of the evidence and by clear and convincing evidence that Stevens committed unprofessional conduct as defined in RCW 18.130.180(6), (7), and (22)(b),[1] and that the conduct made Stevens subject to disciplinary action under the UDA. The Board also determined that Stevens violated various WACs. The Board suspended Stevens's license to practice as an RN indefinitely. In March 2020, the Board issued amended findings of fact, conclusions of caw, and a final order.

*Hearing and Appeal*

In December 2020, the HLJ held a hearing on the Program's statement of charges. In February 2022, the HLJ issued findings of fact, conclusions of law, and an initial order.

The HLJ adopted the Board's findings of fact and conclusions of law as articulated in the March 2020 amended final order. The HLJ concluded that collateral estoppel applied to prevent Stevens from relitigating issues previously litigated in the Board's action against his RN credential. The HLJ ruled that the Program proved by both the preponderance of the evidence and clear and convincing evidence that Stevens violated RCW 18.130.180(5), (6), and (22)(b). The HLJ ordered that Stevens's MAP license be indefinitely suspended.

In March 2022, Stevens filed a petition for administrative review of the HLJ's order. He again argued that he never held a valid MAP certificate. In response, the Program argued that it

---

[1] A 2023 amendment changed RCW 18.130.180(23) to (22). LAWS OF 2023, ch. 192, § 2. Because the amendment did not change the content of the subsection, we cite to the current version.

had jurisdiction over the validity of credential renewals, and that Stevens was collaterally estopped from relitigating the facts determined by the Board.

In May, the review officer adopted the HLJ's findings of fact and conclusions of law, and entered a final order affirming the HLJ's order. The review officer dismissed Stevens's argument that the MAP credential and certification was invalid and not authorized by law. The review officer concluded that Stevens did not dispute that he paid the renewal fee for the MAP credential on May 19, 2014, thereby renewing the MAP credential. The review officer held that Stevens renewed his MAP credential twice prior to the initiation of the disciplinary investigation, and that despite Stevens claims that his wife had erroneously renewed his credential on May 28, 2016, the evidence in the record did not support the assertion that Stevens's MAP credential was issued erroneously. The review officer concluded that if Stevens had no longer wished to hold the MAP credential, he could have surrendered it to the DOH, but instead he renewed it twice, effectively waiving his argument that the MAP credential was invalid.

Stevens filed a petition for judicial review in Thurston County Superior Court. The superior court transferred the appeal to this court under RCW 34.05.518.

ANALYSIS

A.    STANDARD OF REVIEW

We review agency decisions under the Administrative Procedure Act (APA), chapter 34.05 RCW. Our review is limited to the record before the agency. *Petrogas Pacific LLC v. Xczar*, 24 Wn. App. 2d 549, 520 P.3d 1077 (2022), *review denied,* 1 Wn.3d 1019 (2023). Under the APA, we may grant relief from an agency's order based on one of nine reasons listed in RCW 34.05.570(3), if the order is not supported by substantial evidence. RCW 34.05.570(3)(e). "Evidence is substantial if it is sufficient to persuade a rational, fair-minded person that the

declared premise is true." *Real Carriage Door Co. ex. rel. Rees v. Rees*, 17 Wn. App. 2d 449, 457, 486 P.3d 955 (2021).

We overlay the APA and summary judgment standards of review when an administrative decision is decided on summary judgment. *RCCH Trios Health, LLC v. Dep't of Health*, 28 Wn. App. 2d 534, 541, 536 P.3d 1189 (2023), *review denied,* 2 Wn.3d 1025 (2024). We review the agency's ruling de novo and construe all facts and reasonable inferences in the light favorable to the nonmoving party. *Id*.

B.  DOH'S AUTHORITY TO SUSPEND MAP CREDENTIAL

Stevens argues that DOH did not have authority to suspend his MAP certificate because the certificate was not valid. We disagree.

The UDA gives DOH jurisdiction to make findings of unprofessional conduct. RCW 18.130. The UDA does not distinguish between expired and active licenses. *Brown v. Chrio. Qual. Assur. Comm'n*, 110 Wn. App. 778, 784, 42 P.3d 976 (2002). Rather, the statute gives DOH jurisdiction "over any person who has held a license and appears to have engaged in unprofessional conduct." *Id*.

The record shows that Stevens was issued a MAP certification on July 1, 2013. The credential remained active because renewal payment was made on May 19, 2014. Stevens held an active MAP credential throughout the duration of his employment at the Detention Center. Stevens does not challenge these findings of fact. Therefore, it is clear that the Program had authority to take disciplinary action against his MAP certification.

Stevens makes several arguments, claiming that he never had a valid MAP certification. First, he argues that the MAP certificate was never valid because DOH improperly issued the certificate to him on July 1, 2013. He points to RCW 18.360.080(3), which states:

> The department may not issue new certifications for category A or B health care assistants on or after July 1, 2013. The department shall certify a category A or B health care assistant whose certification is in good standing and who was certified prior to July 1, 2013 as a medical assistant-phlebotomist *when he or she renews his or her certification.*

(Emphasis added.) Stevens argues that under this statute, the MAP certification could not have been valid until after he renewed his HCA credential. But he did not renew his HCA credential after July 1, 2013; it expired in October 2013. He claims that DOH unlawfully replaced his HCA certification with the MAP certification in violation of RCW 18.360.080(3) because it did not wait until he renewed his certification.

However, in RCW 18.360.070 the legislature authorized DOH to "adopt rules . . . necessary to implement this chapter." DOH adopted former WAC 246-826-990(2), which stated,

> On July 1, 2013, all active certified health care assistant credentials will expire and be renewed as medical assistant credentials pursuant to RCW 18.360.080 and 43.70.280. *The department will issue a medical assistant credential to a person who had an active health care assistant credential as of June 30, 2013.* No fee will be required of the credential holder for this transaction.

(Emphasis added.)[2]

Stevens's argument essentially challenges the validity of former WAC 246-826-990(2). But Stevens did not challenge the validity of the rule below. And he does not argue on appeal that the rule is invalid or even mention the rule in his briefs. We generally do not consider arguments raised for the first time on appeal. RAP 2.5(a); *Samra v. Singh*, 15 Wn. App. 2d 823, 838, 479 P.3d 713 (2020). In addition, we generally decline to consider an issue when the

---

[2] WAC 246-826-990 was repealed in 2022.

appellant has failed to provide meaningful argument. *Billings v. Town of Steilacoom*, 2 Wn. App. 2d 1, 21, 408 P.3d 1123 (2017). Therefore, we decline to address this argument.

Second, Stevens argues that he did not activate the MAP certificate because he did not pay the initial certification fee in person or via mail. He relies on WAC 246-08-560(2), which states, "Fee payments may be made in person or by mail. Payment shall be by check, draft or money order made payable to the department of health." Stevens emphasizes that his wife paid the certification fee online with a credit card. However, there is no question that DOH accepted the credit card payment and renewed the certification. Stevens provides no authority to support the proposition that payment of certification fees online with a credit card somehow invalidates the certification. Therefore, we reject this argument.

Third, Stevens argues that the MAP certification became ineffective when he requested a refund of the certification fee. He argues that the State should have immediately refunded the fee and invalidated the license. He points to WAC 246-08-560(6), which states that "[t]he department . . . shall refund fees . . . paid erroneously." Br. of Appellant at 12-14. However, there is no indication that Stevens paid the certification fee erroneously. And he provides no authority to support the proposition that health care certifications become invalid upon the request for a refund of an application fee. Therefore, we reject this argument.

Accordingly, we hold that DOH did not err in finding that it had authority to take disciplinary action against Stevens's MAP certification under the UDA, and we affirm the HLJ's order suspending indefinitely Stevens's MAP certification.

CONCLUSION

We affirm the adjudicative order suspending indefinitely Stevens's MAP certification.

No. 58194-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

CRUSER, C.J.

PRICE, J.